IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40389
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID LEE SMITH,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:95-CV-155
- - - - - - - - - -

January 27, 1999

Before EMILIO M. GARZA, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

David Lee Smith appeals the district court judgment denying his 28 U.S.C. § 2255 motion to set aside his sentence. We have reviewed the record and the briefs of the parties, and we affirm the district court's judgment. Smith's claim regarding the quantity of cocaine considered for sentencing purposes alleges an error by the trial court in a technical application of the Sentencing Guidelines. This is not an error of constitutional magnitude. United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1992).  The district court did not err in holding that this claim was not cognizable under § 2255.  Smith's allegations that the a court failed to make the proper findings at sentencing regarding relevant conduct and Smith's role as an organizer of the conspiracy are not grounds for § 2255 relief when they could have been raised on direct appeal.  See United States v. Perez, 952 F.2d 908, 910 (5th Cir. 1992).  The district court's holding that Smith's appellate counsel was effective also does not rise to the level of plain error.  See Jones v. Barnes, 463 U.S. 745, 751-754 (1983)(an attorney handling an appeal need not argue every possible issue, even if those issues are nonfrivolous).  The district court also did not plainly err in holding that Smith's deteriorating health was not a cognizable issue under § 2255.

Smith's challenge to the district court's imposition of a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) also fails. Upon vacating Smith's conviction under 18 U.S.C. § 924(c)(1) for possession of a firearm in relation to a drug-trafficking crime, the district court imposed the enhancement to the conspiracy conviction for possessing a firearm during the commission of an offense.  The district court's action was effectively a grant of § 2255 relief and a subsequent resentencing.  The court could look to the underlying record for resentencing, and it was not required to make separate findings to repeat the reasons for applying the enhancement.

AFFIRMED.